LLOYD RICHARD

VERSUS

WILLY J. MARTIN, JR - SHERIFF, ET AL

NO. 22-CA-214

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 38,46, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING

February 01, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.

**AFFIRMED**
    **RAC**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
LLOYD RICHARD
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
DARRYL VANNOY
    Jeffrey M. Landry
    Jacqueline B. Wilson
    Rachel P. Dunaway

**CHAISSON, J.**

Lloyd Richard, a prisoner representing himself *pro se*, appeals a December 16, 2020 Order of the trial court that denied his Motion to Dismiss or Set Aside a July 31, 2020 *Ex Parte* Order dismissing his lawsuit pursuant to La. R.S. 15:1186. For the following reasons, we affirm the ruling of the trial court.

**BACKGROUND**

Mr. Richard's original claims arise from a 2008 traffic accident involving a sheriff's vehicle in which Mr. Richard was riding. At the trial of his initial petition on May 12, 2015, the trial court found that Mr. Richard failed to meet his burden of proof on the matter of causation, and, as a result, dismissed his claims with prejudice. This Court affirmed the judgment of the trial court on appeal. *Richard v. Hawthrone*, 15-559 (La. App. 5 Cir. 5/12/16), 192 So.3d 273, 274. While Mr. Richard was incarcerated, he filed a Petition for Damages on March 27, 2017, wherein he alleged, *inter alia*, that the judges and attorneys involved in his initial case conspired against him to practice fraud upon the court and engage in the spoliation of evidence, as well as intentional infliction of emotional distress. In his petition, Mr. Richard prayed for $2,000,000 in compensatory damages and $500,000 in punitive damages, and further included a Motion to Proceed *in forma pauperis*.

Mr. Richard's *in forma pauperis* motion was granted by Order of the trial court on October 12, 2017, and the proceedings were stayed in accordance with the provisions of La. R.S. 15:1186. Thereafter, Mr. Richard sought to have the stay lifted pursuant to the exceptions in La. R.S. 15:1186(B)(2); however, the trial court, on February 6, 2018, denied his motion finding specifically that none of the exceptions in the statute were applicable. Mr. Richard timely filed a Notice of Intent to seek supervisory review of this ruling, and was granted an extension of time to file his writ application. This Court nevertheless declined to consider his

writ application because it was filed more than one year after the ruling at issue and more than nine months after the extended return date.

On July 27, 2020, one of the defendants, Warden Darryl Vannoy, filed an *Ex Parte* Motion to Dismiss Mr. Richard's lawsuit for abandonment pursuant to La. R.S. 15:1186. Mr. Richard was served with a copy of this motion via U.S. Postal Service first class mail. The memorandum in support of the motion included an affidavit from an employee at the Parish of St. James Clerk of Court's Office, who attested that Mr. Richard had not paid any court costs towards his outstanding balance, and that the costs and fees had not been paid within three years from when they were incurred with the filing of his lawsuit on March 27, 2017.

The trial court granted Mr. Vannoy's motion and ordered Mr. Richard's petition dismissed without prejudice on July 31, 2020. Notice of this Order was sent to Mr. Richard on August 2, 2020. Mr. Richard filed an objection to the Order of Dismissal, which the trial court denied on December 16, 2020. Following a Motion to Correct the Trial Court Record, which the trial court granted on February 24, 2022, this appeal was lodged.

**DISCUSSION**

On appeal, Mr. Richard raises the following assignments of error:

1. Whether panel reviewing pro se filing indulgently. Did they intentional misrepresent there [sic] finding.

2. Whether the panel and trial judge false information and perjury testimony; which they used to render decision.

3. Whether intentionally concealing, altering, removing, destroying, intentionally misrepresentation [sic] constitute spoliation under La. C.C. Article 2315[,] [ w ]hich judgment should be annulled La. C.C.P. Article 2004. A final judgment obtained by fraud or ill practice[.]

4. Whether Defendants representative practice [sic] a fraud upon the court.

5. Whether Defendants, there [sic] representative, assistant attorney general, trial judge, panel [sic] to deliberate misuse of the judicial

process designed to defeat plaintiff claim, willfully and unlawfully prepare, presented, filed, signed, a legal pleading containing false representation.

An appellate court will not consider issues that were not raised with or addressed by the trial court. *Quality Paint Hardware & Marine Supply Inc. v. Crescent Coating & Servs., Inc.*, 13-129 (La. App. 5 Cir. 8/27/13), 123 So.3d 780, 785. In addition, Uniform Rules, Courts of Appeal, Rule 1-3 states:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

Mr. Richard's assignments of error, which all appear to raise issues that he has with the resolution of his initial lawsuit, contain arguments that were not considered by the trial court when ruling on the Motion to Dismiss Mr. Richard's lawsuit or his objection to the Order of Dismissal. Accordingly, we decline to consider the merits of these assignments of error.[1] The only issue properly before this Court in this appeal is whether the trial court erred in granting Mr. Vannoy's *Ex Parte* Motion to Dismiss Mr. Richard's current lawsuit as abandoned.

La. R.S. 15:1186(B)(2)(c), which specifically deals with dismissal of a prisoner's *in forma pauperis* lawsuit as abandoned for failure to pay incurred costs and fees, provides:

> If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice. This provision shall be operative without formal order, but, on the court's own motion or upon ex parte motion of any party, the clerk or other interested person by affidavit which provides that the full court costs and fees have not been paid within three years from when they were incurred, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Code of Civil

---

[1] Furthermore, we observe that, to the extent plaintiff raises arguments already considered by this Court, consideration of such would be precluded under the law of the case doctrine. Under the law of the case doctrine, an appellate court will not reconsider its own rulings of law in the same case. *Boudoin v. Ochsner Clinic Found. (In re Med. Review Panel Proceedings)*, 17-488 (La. App. 5 Cir. 3/14/18), 241 So.3d 1226. It is applied to parties who have had the identical issue presented and decided previously by the appellate court in an earlier appellate proceeding in the same case. *Id.*

Procedure Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.

The evidence in the record before us indicates that the requirements of this statute have been satisfied. In particular, the affidavit from the employee of the St. James Parish Clerk of Court's Office attests that Mr. Richard has not paid the full court costs and fees within three years from when they were incurred, beginning on March 27, 2017. Furthermore, the record contains the certificates indicating that Mr. Richard was served with a copy of the Order of Dismissal by mail in accordance with La. C.C.P. art. 1313. Mr. Richard has offered no evidence to contradict or dispute this evidence contained in the record. Accordingly, we find no error in the trial court's Order of Dismissal or in the denial of Mr. Richard's Motion to Set Aside the Order of Dismissal.

## **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-214

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
JACQUELINE B. WILSON (APPELLEE)

### MAILED
LLOYD RICHARD #125784 (APPELLANT)
DIXON CORRECTIONAL INSTITUTE
P. O BOX 788
JACKSON, LA 70748

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEYS GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

RACHEL P. DUNAWAY (APPELLEE)
ATTORNEYS AT LAW
POST OFFICE BOX 94005
BATON ROUGE, LA 70804